UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7304 PA (Ex) | Date | December 26, 2023 |
|---|---|---|---|
| Title | Theresa Brooke v. Ashok Patel | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Lynnie Fahey | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS — COURT ORDER**

    On November 20, 2023, the Court ordered plaintiff Theresa Brooke ("Plaintiff") to file a Motion for Default Judgment against defaulted defendant Ashok Patel by no later than December 20, 2023. The Court's November 20, 2023 Minute Order warned Plaintiff that "[f]ailure to said dispositive motion by December 20, 2023, will result in dismissal without further notice by the Court." To date, despite the expiration of Plaintiff's deadline to do so, Plaintiff has not filed the Motion for Default Judgment.

    A court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 1388–89, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

    In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-7304 PA (Ex) | Date | December 26, 2023 |
|---|---|---|---|
| Title | Theresa Brooke v. Ashok Patel | | |

    Here, in assessing the first <u>Henderson</u> factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal.  See <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting <u>Yourish</u>, 191 F.3d at 990)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissing the action.  See <u>id.</u> ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

    The third <u>Henderson</u> factor at least marginally favors dismissal.  While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," see <u>Pagtalunan</u>, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, see <u>In re Eisen</u>, 31 F.3d 1447, 1452 (9th Cir. 1994); <u>Moore v. Teflon Commc'ns Corp.</u>, 589 F.2d 959, 967–68 (9th Cir. 1978).  Here, as discussed above, Plaintiff has not complied with the Court's December 19, 2022 Minute Order and has not diligently prosecuted this action.  Nor has Plaintiff adequately explained Plaintiff's failure to do so.  See <u>Anderson v. Air W., Inc.</u>, 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

    The fourth and fifth <u>Henderson</u> factors also favor dismissal.  Plaintiff has failed to comply with the Court's Orders.  Because the Court has warned Plaintiff of the consequences of failing to prosecute or comply with the Court's Orders, including specifically concerning a failure to timely file a Motion for Default Judgment, Plaintiff was on notice that the failure to adequately prosecute her claims and comply with the Court's Orders could result in the dismissal of the action.  Despite this notice, Plaintiff has failed to comply with the Court's Order or diligently prosecute this action.  Additionally, the Court is adopting the "less-drastic" sanction of dismissal of the action without prejudice.  See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1178 (9th Cir. 1996); <u>see also</u> <u>Henderson</u>, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Thus, the <u>Henderson</u> factors weigh in favor of dismissing the action.

    Accordingly, as a result of Plaintiff's failure to diligently prosecute this action or comply with the Court's Orders, the Court dismisses this action without prejudice.  See Fed. R. Civ. P. 41(b); see also <u>Yourish</u>, 191 F.3d at 986–88; <u>Ferdik</u>, 963 F.2d at 1260.  The Court will issue a Judgment consistent with this Order.

    IT IS SO ORDERED.